**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

A.B. (Alias – Confidential Survivor Status),
Plaintiff,

v.

Willow Bridge Property Management Company,
Bel Alewife Corp,
Turk & Milone LLP, and
Somerville Housing Authority,
Defendants.

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE AND RESTORE HOUSING ASSISTANCE AND STAY ENFORCEMENT OF VOUCHER TERMINATION**

Plaintiff A.B., proceeding pro se, respectfully moves pursuant to Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order and Preliminary Injunction requiring immediate restoration of Plaintiff's Housing Choice Voucher assistance and/or staying enforcement of its termination, pending final adjudication of this action.

In support thereof, Plaintiff states as follows:

**I. RELIEF REQUESTED**

Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65;
2. Issue a Preliminary Injunction requiring restoration of Plaintiff's Housing Choice Voucher assistance and maintaining eligibility status pending final adjudication of this matter;
3. Stay and suspend enforcement, implementation, and legal effect of Plaintiff's Housing Choice Voucher termination issued by Defendant Somerville Housing Authority;
4. Order Defendant Somerville Housing Authority to immediately reinstate Plaintiff's Housing Choice Voucher, restore eligibility status, and restore portability rights pending resolution of Plaintiff's federal civil rights claims;
5. Enjoin all Defendants from relying upon disputed rent charges, disputed tenancy records, contested eviction allegations, or related adverse reporting to impair Plaintiff's housing eligibility during the pendency of this action; and
6. Grant such additional relief as the Court deems just and proper.

## II. FACTUAL BACKGROUND

1. Plaintiff participated in the Housing Choice Voucher Program administered by Defendant Somerville Housing Authority while residing at Tempo Apartments beginning in October 2020.
2. Plaintiff's initial rent obligation was $1,650 per month.
3. On or about June 24, 2022, Defendants proposed increasing Plaintiff's rent to $2,580, which Plaintiff alleges exceeded applicable voucher payment standards.
4. Plaintiff alleges that Defendants subsequently engaged in eviction proceedings, disputed rent ledger practices, and related enforcement actions that interfered with Plaintiff's housing stability and continued voucher participation.
5. During 2022, Defendants issued multiple Notices to Quit alleging lease violations and nonpayment.
6. Plaintiff disputes the validity of alleged arrears and disputes ledger entries reflecting rent amounts inconsistent with Plaintiff's written lease and housing assistance records.
7. In or about November 2023, Plaintiff's voucher portability rights were restricted and Plaintiff was designated "not in good standing," impairing Plaintiff's ability to relocate with housing assistance.
8. On or about April 30, 2026, Plaintiff's Housing Choice Voucher was terminated by Defendant Somerville Housing Authority, following administrative proceedings referencing disputed tenancy history and eviction-related allegations generated, maintained, or transmitted by Defendants.
9. Plaintiff alleges that the termination and resulting loss of housing assistance were influenced by disputed landlord-generated records and conduct that forms the basis of Plaintiff's Fair Housing Act, retaliation, disability discrimination, and VAWA-related claims.

## III. IRREPARABLE HARM

10. Plaintiff currently lacks access to Housing Choice Voucher assistance as a result of the termination issued by Defendant Somerville Housing Authority.
11. The loss of housing assistance constitutes irreparable harm because:

a. it substantially impairs Plaintiff's ability to obtain and maintain safe housing;

b. it creates an immediate and ongoing risk of housing instability and displacement;

c. monetary damages cannot fully compensate for the loss of subsidized housing opportunities;

d. continued termination adversely affects future eligibility for housing assistance programs; and

e. the termination by Defendant Somerville Housing Authority directly eliminates Plaintiff's access to federally subsidized housing assistance.

12. Plaintiff continues to suffer ongoing harm arising from the "not in good standing" designation and the termination of housing assistance.

## IV. LIKELIHOOD OF SUCCESS ON THE MERITS

13. Plaintiff's Complaint asserts claims under:

a. the Fair Housing Act, 42 U.S.C. § 3601 et seq.;
b. 42 U.S.C. § 3617 (retaliation and interference with housing rights);
c. federal and state disability discrimination laws;
d. the Violence Against Women Act;
e. M.G.L. c. 93A; and
f. related Massachusetts housing statutes.

14. Plaintiff alleges that Defendants:

a. imposed or attempted to impose rent obligations inconsistent with Plaintiff's subsidized tenancy;

b. maintained disputed and inconsistent rent records;

c. initiated tenancy-related actions based upon contested allegations;

d. interfered with Plaintiff's housing stability and continued participation in housing assistance programs; and

e. engaged in conduct that foreseeably contributed to adverse housing consequences.

15. Plaintiff alleges that the termination of housing assistance by Defendant Somerville Housing Authority relied, in whole or in part, upon disputed records, allegations, and reports generated, maintained, or transmitted by Defendants.

16. Based upon the allegations set forth in the Complaint and supporting declaration, Plaintiff has raised substantial questions going to the merits and has demonstrated a likelihood of success sufficient to warrant emergency mandatory injunctive relief, including restoration of housing assistance pending adjudication.

## V. BALANCE OF EQUITIES

17. The harm to Plaintiff is immediate, severe, and continuing due to the loss of housing assistance.
18. Preserving and restoring the status quo ante imposes minimal burden on Defendants compared to the severe harm to Plaintiff.
19. The requested relief does not determine final liability but preserves housing stability and eligibility pending adjudication.
20. The balance of equities strongly favors Plaintiff.

## VI. PUBLIC INTEREST

21. The public interest favors enforcement of federal fair housing protections.
22. The public interest further favors preventing retaliation, discrimination, and improper interference with housing assistance programs.
23. Preserving or restoring housing assistance pending adjudication of serious federal civil rights claims advances the purposes of the Fair Housing Act and related statutes.

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a Temporary Restraining Order immediately restoring Plaintiff's Housing Choice Voucher assistance or staying enforcement of its termination;

B. Issue a Preliminary Injunction requiring Defendant Somerville Housing Authority to reinstate Plaintiff's housing assistance pending final disposition of this action;

C. Enjoin all Defendants from relying upon disputed housing records and allegations to impair Plaintiff's housing eligibility during this case;

D. Schedule an expedited hearing on this Motion; and

E. Grant such further relief as the Court deems just and proper.

## VIII. REQUEST FOR EXPEDITED HEARING

Plaintiff respectfully requests an expedited hearing pursuant to Rule 65 due to the ongoing loss of housing assistance and resulting irreparable harm.

Respectfully submitted, A.B. Plaintiff, Pro Se Date: ___6·10·26___