UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.B.,<br><br>                Plaintiff,<br><br>        v.<br><br>BEL ALEWIFE CORP., et al.,<br><br>                Defendants. | Civil Action No. 26-12650-MJJ |

<u>ORDER</u>

June 11, 2026

JOUN, D.J.

Plaintiff "A.B." ("Plaintiff "), who has not provided her true name, has filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 1], Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], Motion for Leave to Appear Remotely and for Electronic Service of Court Communications [Doc. No. 3], Motion to Seal Identifying Information [Doc. No. 4], and a Motion for Leave to Proceed Under a Pseudonym and to File Identifying Information Under Seal with a supporting Declaration [Doc. Nos. 5, 6]. Upon review of these documents, the Court hereby orders:

**1.      Filing of a Complaint**

Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3, and the complaint must be signed by the plaintiff or their attorney, *see* Fed. R. Civ. P. 11(a). Thus, if Plaintiff wishes to proceed with this action, she must file a complaint, within thirty-five (35) days of the date of this order, signed by herself or her attorney. Failure to do so will result in dismissal of this action without prejudice. If Plaintiff

wishes to file the complaint under seal, she must file a motion to seal with the complaint. The complaint will then remain under seal unless otherwise ordered by the Court.[1]

### 2.    Motion for Leave to Proceed *in Forma Pauperis*

The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is DENIED without prejudice because it does not provide sufficient specific information concerning Plaintiff's financial circumstances and Plaintiff did not sign the motion under her real name and under penalty of perjury. If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28) days, pay the $405 filing fee or file a renewed motion for leave to proceed *in forma pauperis* using an Application to Proceed in District Court Without Prepaying Fees or Costs (form AO 240). Failure to do so may result in dismissal of this action without prejudice.

If Plaintiff files a motion for leave to proceed *in forma pauperis* and wants it to be filed under seal, she must file a motion to seal the document. The motion will then remain under seal unless otherwise ordered by the Court.

### 3.    Motion for Emergency Motion for Temporary Restraining Order and Preliminary Injunction

Because Plaintiff has not filed a complaint, the Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 1] is DENIED insofar as Plaintiff seeks a temporary restraining order to restore her Housing Choice Voucher during the pendency of this action. Further, Plaintiff's allegations in this motion do not provide sufficient factual information to show a likelihood of success on the merits of her claim.

The motion shall remain pending on the docket as a motion for a preliminary injunction.

---

[1] The Boston College Law School operates a Pro Se Legal Assistance Program for individuals who are representing themselves in civil lawsuits in this Court. This program is not part of, nor run by, the Court. Plaintiff may find it helpful to contact this program for assistance in drafting a complaint. Additional information concerning the Pro Bono Clinic is available at https://www.mad.uscourts.gov/general/pdf/announce/Federal%20Pro%20Se%20Legal%20Assistance%20Clinic.pdf and https://sites.google.com/bc.edu/bclawclinic/home.

4.    **Motion for Leave to Appear Remotely and for Electronic Service of Court Communications**

The Motion for Leave to Appear Remotely and for Electronic Service of Court Communications [Doc. No. 3], is GRANTED insofar as Plaintiff wishes to receive electronic notice of docket activity through the Court's CM/ECF system. Plaintiff must check her email daily for notice of docket activity,[2] and she must inform the Clerk of any change in her email address.

The motion is DENIED without prejudice insofar as Plaintiff is asking the Court to allow her to appear remotely in all hearings and conferences. While the Court routinely holds proceedings remotely, the Court requires the physical presence of the parties for some proceedings. In considering whether to hold a proceeding in person or remotely, the Court will take into consideration Plaintiff's request.

5.    **Motion to Seal Identifying Information and Motion for Leave to Proceed Under a Pseudonym and to File Identifying Information Under Seal**

The Court will defer ruling on the Motion to Seal Identifying Information [Doc. No. 4] and Motion for Leave to Proceed Under a Pseudonym and to File Identifying Information Under Seal [Doc. No. 5] until Plaintiff has filed a complaint.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge

---

[2] Plaintiff will receive a Notice of Electronic Filing by e-mail each time a document, electronic order, or notice is filed in her case. If the Notice of Electronic Filing includes a hyperlink to a document, Plaintiff is permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail. Once Plaintiff clicks the hyperlink and accesses the document, she may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, Plaintiff will be asked to login into the federal judiciary's PACER (Public access to Court Electronic Records) platform and may be charged to view the document. For this reason, Plaintiff should print or save the document during the "free look" to avoid future charges.